LAW OFFICE OF
ERICK L. GUZMAN
Cal. Bar No. 244391
115 Santa Rosa Ave. Suite D
Santa Rosa, California, 95401
T: 707.594.4474/F: 707.540.6298
E: elg@guzmanlaw.org

Attorneys for Defendant
Mr. Velasquez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-19-0367-7-CRB |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| CILDER VELASQUEZ, | |
| Defendant. | |

TO:  STEPHANIE HINDS, ACTING UNITED STATES ATTORNEY; AND
     SAILAJA M. PAIDIPATY, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that, on October 28, 2021 at 9:00 a.m., or as soon thereafter as client may be heard, the defendant by and through his attorney, Erick Guzman, will ask this Court grant the following departures, adjustments, and impose a sentence of time-served.

# I

# INTRODUCTION

Mr. Velasquez has been in custody for approximately twenty-seven months, the majority of that time occurring during the COVID-19 pandemic. He respectfully requests a sentence of time-served.

The Pre-Sentence Report ("PSR") describes Mr. Velasquez's youth in Honduras in which he began work as a field laborer at the age of 10. ADD, and how his father had to live in the United States for two-year blocks of time in order to remit funds back to the family in Honduras. PSR at ¶74.

# II

# THE INSTANTOFFENSE

Mr. Velasquez pleaded guilty to his involvement in a broad and toxic narcotics distribution ring. In short, he was a cog in a machine that provided user-quantity drugs in street-level transactions. For his part, Mr. Velasquez received a relatively modest income: less than one thousand dollars per week.

The parties agree that Mr. Velasquez's adjusted offense level is 25, with a criminal history category III, and resulting advisory guideline range of 70-87 months.

# III

# THIS COURT SHOULD IMPOSE A SENTENCE OF TIME-SERVED TO AVOID UNWARRANTED SENTENCING DISPARITIES.

Section 3553(a) requires district courts to impose the lowest possible sentence that fulfills all relevant sentencing objectives, including the avoidance of sentencing disparities. To that end, Mr. Velasquez will highlight his co-defendants that received sentences of less than one year of custody (Mr. Velasquez has already been in custody for more than two

years and three months):

Julio Viera-Chirinos (defendant-4) spent roughly five months in federal custody before receiving a time-served sentence;

Gustavo Gamez-Velasquez (defendant-9), Rudulio Garcia (defendant-11), Elvin Padilla (defendant 13), Yorda Galindo (defendant-14), Rudis Valladeres-Caceres (defendant-15) all served approximately eight months before receiving time-served sentences. PSR at 5.

Towards the other end of the spectrum of culpability is co-defendant Victor Viera-Chiernos, who was a leader, organizer, *etc.*, who—according to the Government—could earn $80,000 in the span of four to five months. ECF 381 at 5 (citing line sheets from intercepted communication); Mr. Velasquez would make a mere fraction of that. The Government has argued that a reasonable sentence for a defendant of his stature is sixty-three months, *see* ECF. No. 381 at 12, which *ipso facto* would render a time-served sentence for Mr. Velasquez more than sufficient.

## VI
## CONCLUSION

Mr. Velasquez is a non-violent offender who has already spent more than two years in pre-trial custody in conditions that are more restrictive and onerous than normal due to the pandemic. A time-served sentence will adequately deter Mr. Velasquez from future criminal conduct, is adequate punishment, and promotes respect for the law.

For the above reasons, Mr. Velasquez respectfully requests a time-served sentence.

////

////

1  DATED: October 25, 2021            Respectfully submitted,
2
3                                      By
4
5                                      _____
6                                      Erick L. Guzman
                                       Attorney for Mr. Velasquez
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28